United States District Court
Middle District of Florida
Jacksonville Division

**ANTOINE A. CULMER,**

    **Plaintiff,**

v.                                                                                    NO. 3:24-cv-282-WWB-LLL

**JSO SHERIFF'S DEPARTMENT, ET AL.,**

    **Defendants.**
_____

## Order

Plaintiff, a pretrial detainee awaiting trial, initiated this action by filing a pro se complaint for the violation of civil rights, doc. 1, and a motion to proceed as a pauper, doc. 2, which the Court granted, doc. 5. In his complaint, plaintiff names as defendants the Jacksonville Sheriff's Office (JSO) and three JSO corrections officers for various alleged violations, including "mental and physical abuse, racial profiling, threats, negl[ig]ence, unreasonable use of force . . . false arrest . . . malicious prosecution, verbal abuse," and improper training or supervision. *See* doc. 1 at 1, 6–7.[1] The facts supporting plaintiff's purported claims are vague and relate solely to separate use-of-force incidents involving the three JSO officer-defendants: plaintiff alleges defendant Long broke his finger on December 16, 2023; defendant Reese physically assaulted

---

[1] The page numbers used by the Court are those assigned when the document was electronically filed through the CM/ECF system.

him on October 8, 2023; and defendant Clifton "pepper spray[ed]" him, threatened him and his family, and incited another inmate to physically attack and try to rape him in September 2023. *Id.* at 5–6. As relief, he seeks compensatory damages and for the criminal charges against him to be dismissed. *Id.* at 6–7.

The Court concludes that plaintiff has failed to set forth his claims in accordance with federal pleading standards. The Federal Rules of Civil Procedure provide in pertinent part, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[a] party must state [his] claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b). Additionally, a plaintiff may set forth only related claims in one civil rights complaint; he may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a 'logical relationship' between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F. 3d 1334, 1337 n.6 (11th Cir. 1998) (quoting *Republic Health Corp. v. Lifemark Hosps. of Florida, Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985)).

A complaint must allege facts that, accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard asks for

2

less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Though a plaintiff is not required to provide "detailed factual allegations," he must offer more than "naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks omitted). He should provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original). A court must hold a pro se plaintiff to a less stringent standard than a lawyer, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but may not rewrite a deficient complaint for a pro se plaintiff or otherwise serve as his de facto counsel, *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

To state a claim under § 1983, a plaintiff must allege the conduct complained of was committed by a person acting under color of state law, and the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. A sheriff's office or jail is not a legal entity subject to suit under § 1983. *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) (affirming dismissal of the sheriff's office because that entity did not have "the capacity to be sued").[2] Additionally, a plaintiff may not bring a false arrest claim if his arrest was made pursuant to a court order, and to state a plausible malicious prosecution

---

[2] Unpublished decisions are not binding. *See McNamara v. GEICO*, 30 F.4th 1055, 1061 (11th Cir. 2022). Any unpublished decisions cited in this order are deemed persuasive on the relevant point of law.

3

claim, a plaintiff must allege "the prosecution against him [has] terminated in his favor." *Luke v. Gulley*, 975 F.3d 1140, 1143–44 (11th Cir. 2020) (quoting *Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020)). Finally, unkind or negligent conduct by a corrections officer generally is not actionable under § 1983. *See Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) ("[V]erbal abuse alone is insufficient to state a constitutional claim.").

Plaintiff's complaint is deficient because he names an entity not amenable to suit (JSO),[3] he seeks to pursue claims that are not cognizable under § 1983 or not plausible as alleged (negligence, false arrest, malicious prosecution, racial profiling, and verbal abuse), and he attempts to join claims that have no logical connection to one another.[4] Not only does Plaintiff attempt to join multiple, unrelated claims, but the allegations supporting his primary claim (excessive force) are vague. Thus, if he wants to proceed, he must file an amended complaint in compliance with federal pleading standards.

---

[3] Plaintiff does not allege facts supporting all purported claims. Rather, as mentioned, his factual allegations relate solely to purported use-of-force claims against the officer-defendants. It appears he names the JSO as a defendant for alleged false arrest (and perhaps racial profiling) and inadequate training and supervision of officers.

[4] With respect to plaintiff's purported false arrest and malicious prosecution claims, the Court takes judicial notice that plaintiff is being held on a finding of probable cause in Duval County case number 2023-CF-1669, and the charges against him remain pending (for aggravated assault, exposure of sexual organs, and battery). *See* Clerk Online Resource ePortal, available at https://core.duvalclerk.com/ (last visited May 21, 2024). A review hearing was held on May 7, 2024. *Id.* It is unclear whether plaintiff's allegation of "racial profiling," *see* doc. 1 at 7, was intended as a separate or stand-alone claim under the Fourteenth Amendment. However, his conclusory assertion is insufficient to state a claim for relief.

Plaintiff may not pursue an excessive force claim against all three officers in this one action because the claims do not arise out of the same "transaction or occurrence," and there is no logical connection between them, as alleged. Accordingly, he must decide whether to pursue an excessive force claim against defendant Long for allegedly breaking his finger, or against defendant Reese for physically assaulting him, or against defendant Clifton for spraying him with chemical agents. Regardless of the claim he opts to pursue, he must explain the circumstances of the incident, including how it occurred, when it occurred, where it occurred, and why it occurred (if he knows). This is so because to state a plausible excessive force claim, a pretrial detainee must allege facts permitting the reasonable inference that "the force purposely or knowingly used against him was objectively unreasonable." *See Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015).

Plaintiff also must comply with the following instructions:

1. The amended complaint must be marked, "Amended Complaint," and include this case number (**3:24-cv-282-WWB-LLL**).

2. The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation(s).

3. The amended complaint must state the full names of each defendant (to the extent plaintiff knows them) in the style of the case on the first page and in section I.B.

4. The list of defendants named on the first page must match the list of named defendants in section I.B.

5. The amended complaint (or a separate filing) must include current addresses for each defendant so the Court can direct service of process.

6. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts giving rise to his individual claims for relief, and he should clearly state how each defendant is responsible for each alleged violation.[5]

7. In section V, "Injuries," there must be a statement concerning how **each** defendant's action(s) or omission(s) injured plaintiff.

8. In section VI, "Relief," there must be a statement of what plaintiff seeks through this action, keeping in mind that the Prison Litigation Reform Act "places substantial restrictions on the judicial relief that prisoners can seek . . . ." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting *Al-Amin v. Smith*, 637 F.3d 1192, 1195 (11th Cir. 2011)).

9. In section VII, "Exhaustion," plaintiff must explain the steps he took to exhaust his administrative remedies, keeping in mind that "[a] prisoner [or detainee] must exhaust each claim that he seeks to present in court." *Arias v. Perez*, 758 F. App'x 878, 881 (11th Cir. 2019) (citing *Jones v. Bock*, 549 U.S. 199, 219–20 (2007)).

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

---

[5] Plaintiff may attach additional pages, if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

Before signing the amended complaint, plaintiff must ensure his assertions are truthful and that he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

An amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, plaintiff's amended complaint must be complete, including all related claims he wishes to raise, and must not refer back to his original complaint.

To the extent plaintiff merely challenges the fact of his confinement or the charges against him, he should know that federal district courts generally will abstain from interfering with a pending criminal action. *See Turner v. Broward Sheriff's Off.*, 542 F. App'x 764, 766–67 (11th Cir. 2013) (holding *Younger*[6] abstention was appropriate because the plaintiff's criminal proceeding was pending, and the plaintiff could have raised his constitutional challenges in the state court).

It is **ordered**:

1. The **Clerk** shall send plaintiff a Civil Rights Complaint form.

---

[6] *Younger v. Harris*, 401 U.S. 37 (1971).

2. Within **thirty days** of the date of this order, plaintiff must mail an amended complaint to the Court for filing. The amended complaint should comply with the instructions on the form and those provided in this order.

3. Plaintiff's failure to comply with this order may result in the dismissal of this case.

4. Plaintiff's notice to the Court, doc. 6, is **stricken**. The Court will not interfere in plaintiff's pending criminal case, and the filing seeks no relief related to this action. Plaintiff is advised that all requests for relief must be in the form of a proper motion that complies with the Federal Rules of Civil Procedure and the Local Rules of this Court. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). *See also* M.D. Fla. R. 3.01(a) (providing that a motion must include the basis for the relief sought and a memorandum of law supporting the request).

5. Plaintiff's motion to find him competent to proceed in the Fourth Judicial Circuit and grant emergency release, doc. 7, is **denied**. The Court will not interfere in plaintiff's pending criminal case.

**Ordered** in Jacksonville, Florida, this 4th day of June 2024.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

Jax-6
c:
Antoine A. Culmer, #01013310, pro se
      Florida State Hospital
      P.O. Box 1000
      Chattahoochee, FL 32324